# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No. 03-80359

v.                                             Hon. Gerald E. Rosen

ALBERTO FLORES,

       Defendant.

_____/

## ORDER CALLING
## WITNESS PURSUANT TO FED. R. EVID. 614

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on         February 10, 2010

        PRESENT: Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

        On January 26 and 27, 2010, the Court presided over the bench trial of Defendant Alberto Flores. At the conclusion of the January 27 proceedings, both the Government and the defense rested, and the Court took under advisement the question whether it would call another witness to testify, co-defendant Shahin Judeh. For the reasons set forth briefly below, the Court has determined that Mr. Judeh should be called as a witness pursuant to Fed. R. Evid. 614(a).

        In its case in chief at Defendant's trial, the Government presented the testimony of three witnesses: Immigration and Customs Enforcement ("ICE") special agent Cory

Howe, and co-defendants Enrique Sanchez[1] and Nasir Yusif Baste.  The testimony of the two co-defendants featured a number of co-conspirator statements which relied upon Fed. R. Evid. 801(d)(2)(E) for their admissibility, and it is fair to say that co-defendant Shahin Judeh was the declarant as to a substantial majority of these statements.  More generally, the testimony at trial indicated that Mr. Judeh was a central figure in the alleged activities involving Defendant, and that he was a source of much of the knowledge of the two co-defendant witnesses about the charged conspiracy and Defendant's alleged role in this charged offense.  Nonetheless, the Government elected not to call Mr. Judeh as a witness at trial, explaining to the Court that Mr. Judeh had recanted a portion of a statement he previously had made to the Government,[2] and that, in light of this recantation, the Government did not wish to provide to Mr. Judeh "even the possibility" of a motion for a reduction in his sentence based on his testimony at Defendant's trial.  (*See* 1/27/2010 Trial Tr. at 250-53.)

      The Court, of course, need not (and does not) offer its own assessment of the Government's strategic decisions as to which witnesses to call at trial.  In this case, however, the Court is the trier of fact, with the responsibility to ascertain the facts and weigh the evidence bearing on the question whether Defendant engaged in the charged conspiracy offense.  More generally, the Court is mindful of the overarching truth-seeking

---

[1] Mr. Sanchez is identified in the indictment as Enrique Barajas.

[2] Although this statement evidently implicated both Defendant and co-defendant Enrique Sanchez, the Government has represented that Mr. Judeh did not recant the portion of this statement that was directed at Defendant.

function that trials are intended to serve.  Finally, Rule 614 expressly bestows upon the Court the authority to call its own witnesses, subject to the parties' right of cross-examination and opportunity to object.  Under these circumstances, the Court believes it appropriate to make an independent determination whether Mr. Judeh should be called as a witness, notwithstanding the Government's strategic decision not to call him in its case in chief.

Upon considering this question, the Court finds that its fact-finding obligations, as well as the interests of justice, will best be served by calling Mr. Judeh as a witness pursuant to Rule 614(a).  In the Court's view, hearing the direct testimony of Mr. Judeh is preferable to relying on largely second-hand accounts of Defendant's alleged role in the charged conspiracy offense — accounts which, as explained earlier, relied largely on information the witnesses claimed to have learned from Mr. Judeh.  Mr. Judeh's testimony also promises to assist in the Court's determination whether the co-conspirator statements offered by co-defendants Sanchez and Baste meet the standards for admissibility under Rule 801(d)(2)(E).[3]  Finally, calling Mr. Judeh as a witness will

---

[3]The Court notes that it has reached no decision, and expresses no view, as to whether the evidence offered by the Government in its case in chief would establish a basis for the admissibility of these statements under Rule 801(d)(2)(E).  The Government took the position that this standard had been met and promised to address this point in closing argument, (*see* 1/27/2010 Trial Tr. at 256), but the Court elected to defer any determination on this point until after it decided whether to call Mr. Judeh as a witness.  Likewise, and more generally, nothing in the Court's decision to call Mr. Judeh as a witness should be construed as a prejudgment or assessment of the sufficiency of the Government's proofs in the absence of Mr. Judeh's testimony.  Again, the Court has reached no conclusion on this point, but will await Mr. Judeh's testimony before considering whether the Government has met its burden in this case.

afford Defendant an opportunity to confront a witness whose out-of-court statements have featured prominently in the Government's case against him.

Accordingly, the Government is directed to make all necessary arrangements to secure Shahin Judeh as a witness at Defendant's trial. In addition, the Government is instructed to promptly produce to Defendant's counsel (i) any materials relating to Mr. Judeh that are subject to disclosure under *Giglio v. United States,* 405 U.S. 150 (1972), or the Jencks Act, (ii) any other materials in the Government's possession relating to Mr. Judeh that are exculpatory as to Defendant but have not yet been disclosed, and (iii) the transcript of Mr. Judeh's July 7, 2008 sentencing hearing. Finally, the Court requests that the Government serve a copy of this order on Mr. Judeh's counsel.[4]

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 10, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 10, 2010, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

---

[4] The Court cautions Mr. Judeh that the Court's decision to call him as a witness should not be construed as necessarily providing grounds for seeking a reduction in his sentence.