```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

UNITED STATES OF AMERICA,

       Plaintiff,

                                  Case No. 03-80359

v.                               Hon. Gerald E. Rosen

ALBERTO FLORES,

       Defendant.

_____/

**ORDER REGARDING DEFENDANT'S OBJECTIONS TO THE
COURT'S DECISION TO CALL A WITNESS PURSUANT TO FED. R. EVID. 614**

                  At a session of said Court, held in
              the U.S. Courthouse, Detroit, Michigan
                  on     March 16, 2010

                PRESENT:  Honorable Gerald E. Rosen
                                       Chief Judge, United States District Court

        By order dated February 10, 2010, the Court invoked its authority under Fed. R. Evid. 614(a) to call a witness, co-defendant Shahin Judeh, to testify at the criminal bench trial of Defendant Alberto Flores. Through the present submission filed on March 3, 2010, Defendant objects to this decision, primarily on the ground that it threatens to impermissibly transform the Court from its proper judicial role into the role of advocate. For the reasons stated briefly below, the Court finds no merit in Defendant's objections.[1]

---

[1] As a threshold matter, it is questionable whether Defendant's present submission was timely filed. Under Local Rule 7.1(g)(1) of this District — which is made applicable to criminal cases under Local Rule 1.1(c) and Local Criminal Rule 1.1 — Defendant was obligated to seek reconsideration of the Court's February 10 order within 10 days after the entry of this order. Instead, he waited three weeks after the challenged ruling was issued to file his objections.

As noted, Defendant's challenge to the February 10 order rests almost entirely on the premise that "[b]y calling its own witness, particularly when both parties have chosen not to call that witness, the trial judge assumes the advocacy role traditionally reserved for counsel." (Defendant's Objections at ¶ 8.) Yet, it is clear that this premise, taken to its logical conclusion, would wholly abrogate Rule 614(a) — a court, after all, would have no need to invoke this Rule if one of the parties planned to call the witness in question. Defendant has not cited any authority in support of his request that the Court disregard the authority expressly conferred under Rule 614(a). To the contrary, the Sixth Circuit has affirmed the district courts' authority to call witnesses in criminal cases, *see United States v. Rosinski,* 487 F.2d 822, 823-24 (6th Cir. 1973), and a number of other circuits have similarly upheld a district court's application of Rule 614(a) in a criminal case, *see, e.g., United States v. Time,* 21 F.3d 635, 639 (5th Cir. 1994); *United States v. Campino,* 890 F.2d 588, 592 (2d Cir. 1989); *United States v. Leslie,* 542 F.2d 285, 288-89 (5th Cir. 1976); *United States v. Tchouateu,* No. 94-3049, 1995 WL 650118, at *1 (D.C. Cir. Sept. 19, 1995). Thus, the Court is confident that it possesses the authority to call a witness in this case, should the circumstances warrant this measure.

To be sure, and as this Court fully recognizes, the authority conferred under Rule 614(a) must be exercised with care. Most prominently, there is a danger that a jury might give greater weight to the testimony of witnesses called by the court, as opposed to the parties' witnesses. *See United States v. Karnes,* 531 F.2d 214, 217 (4th Cir. 1976); *see generally United States v. Hickman,* 592 F.2d 931, 933 (6th Cir. 1979) (noting that

"potential prejudice lurks behind every intrusion into a trial made by a presiding judge, because "a trial judge's position before a jury is overpowering") (internal quotation marks and citation omitted)). In this case, however, the Court is serving as the trier of fact, and neither the Defendant nor the Government need fear that a witness called by the Court will be viewed as inherently more credible, or will otherwise be treated more favorably, than the witnesses put forward by the parties.

Consequently, because there is no danger here that a jury will give undue weight to a witness called by the Court, the primary concern arising from the Court's decision to call Shahin Judeh as a witness — and the main concern identified in Defendant's present objections — is that the Court might thereby have departed from its neutral judicial role and assumed the role of an advocate. As Defendant points out, Rule 614(a) provides neither explicit standards nor general signposts for ensuring that a court remains on the permissible "judicial" side of this line, and the case law likewise fails to shed much light on this precise question. Nonetheless, this same potential danger of improper judicial "advocacy" is equally present when a court exercises its authority under Rule 614(b) to interrogate a witness called by one of the parties. In either event, the court's involvement poses the risk of an "appearance of partiality which can easily arise if the judge intervenes continually on the side of one of the parties." *Hickman,* 592 F.2d at 934. Along the same lines, the Fourth Circuit has emphasized that "[t]rial judges are not backstop counsel, entitled to step in whenever a point may be more eloquently delivered or a tactical misstep avoided." *United States v. Smith,* 452 F.3d 323, 332 (4th Cir. 2006).

Yet, as illustrated by the abundant case law addressing a trial court's authority under Rule 614(b) to question witnesses, this mere potential for abuse does not dictate that a court altogether refrain from exercising this authority; it merely imposes upon the court an obligation to proceed with care when doing so. *See, e.g., McMillan v. Castro,* 405 F.3d 405, 409 (6th Cir. 2005); *Hickman,* 592 F.2d at 932-33; *Smith,* 452 F.3d at 332-33; *United States v. Albers,* 93 F.3d 1469, 1485-86 (10th Cir. 1996). As the Sixth Circuit has emphasized, "the mere asking of questions is not at all improper":

> The trial judge in the federal court is more than a mere arbitrator to rule upon objections and instruct the jury. It is his function to conduct the trial in an orderly way with a view to eliciting the truth and to attaining justice between the parties. It is his duty to see that the issues are not obscured and that the testimony is not misunderstood. He has the right to interrogate witnesses for this purpose.

*Hickman,* 592 F.2d at 932-33 (internal quotation marks and citations omitted). And, again, there is less danger of prejudice to either party, and less concern with a mere appearance of partiality, when the court acts outside the presence of the jury. *See United States v. Morrow,* 977 F.2d 222, 225 (6th Cir. 1992).

Applying this analogous case law here, it is clear that an abstract potential for abuse is not enough to defeat the Court's authority under Rule 614(a) to call a witness. Rather, the Court must proceed carefully when exercising this authority, and must ensure that it acts consistently with its judicial role. As explained in the February 10 order, the Court has determined that "its fact-finding obligations, as well as the interests of justice, will best be served by calling Mr. Judeh as a witness pursuant to Rule 614(a)."

4

(2/10/2010 Order at 3.)  In so ruling, the Court is confident that it has not abandoned its judicial role and become an advocate for either party.  To the contrary, the Court views this ruling as part and parcel of its obligation to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth."  Fed. R. Evid. 611(a).  "It is neither possible nor desirable for district judges to sit back and observe trials as nonchalant spectators."  *Smith,* 452 F.3d at 332.  Rather, "[i]t is the very function of the trial court to establish the facts as clearly and completely as possible."  *Campino,* 890 F.2d at 592.

In its February 10 order, the Court fully addressed the reasons why it has elected to call Mr. Judeh as a witness at Defendant's criminal bench trial, and this discussion need not be repeated here.  Beyond his bare expression of a generalized concern that the Court has "confus[ed] the roles of the judge and the prosecutor" by exercising its authority to call a witness that neither party has chosen to put on the stand, (Defendant's Objections at ¶ 8), Defendant has not identified any specific circumstances here that would transform this appropriate judicial function into an impermissible act of advocacy.  Instead, Defendant has advanced an untenably narrow view of the judicial role, under which "the Court must weigh only the evidence presented by the Government in this case."  (*Id.* at ¶ 7.)  Not only would this vitiate Rule 614(a), but it would also call into serious question the trial court's authority under Rule 614(b) to interrogate witnesses, as the responses to such questions presumably would qualify as "evidence" not elicited by the parties

5

themselves.  Moreover, Defendant's contention, if accepted, would defeat one of the very purposes of Rule 614(a) as identified by the advisory committee that proposed this Rule — namely, to ensure that "the judge is not imprisoned within the case as made by the parties."  Fed. R. Evid. 614 advisory committee's note.  Accordingly, the Court rejects this challenge to its February 10 order.[2]

Defendant's remaining concerns warrant little discussion — and, indeed, tend to contradict one another.  First, Defendant points to the Government's acknowledgment that Mr. Judeh evidently has recanted a portion of a statement he previously made to the Government, and he surmises that Mr. Judeh's "testimony is likely not reliable and may not even be credible."  (Defendant's Objections at ¶ 5.)  Yet, Defendant and his counsel will have ample opportunity at trial to challenge the admissibility of Mr. Judeh's testimony and to attack his credibility as a witness, *see* Fed. R. Evid. 614(a) (confirming that "all parties are entitled to cross-examine witnesses" called by the court), and these efforts, if successful, surely would mitigate any possible prejudice resulting from the Court's decision to call Mr. Judeh as a witness.  Plainly, the best way to ascertain how

---

[2]At one point in his objections, Defendant appears to implicitly acknowledge a trial court's authority under Rule 614 to call and question witnesses, but he suggests that this authority may be exercised only where there is a "need to clarify testimony." (Defendant's Objections at ¶ 10.)  To the extent that such a showing is necessary, the Court is confident that the requisite "need to clarify" is established in the February 10 order.  As explained in that order, the two co-defendant witnesses called by the Government offered "largely second-hand accounts of Defendant's alleged role in the charged conspiracy offense — accounts which . . . relied largely on information the witnesses claimed to have learned from Mr. Judeh."  (2/10/2010 Order at 3.)  It surely would aid in clarifying the evidentiary record to hear directly from the individual on whom these two witnesses relied in recounting Defendant's alleged activities.

reliable Mr. Judeh might be as a witness and how credible his testimony might be is to put him on the stand, and this is precisely what the Court has ordered. It strikes the Court as rather puzzling that Defendant would challenge this procedure — as matters now stand, a number of Mr. Judeh's statements already have been offered into evidence under Fed. R. Evid. 801(d)(2)(E),[3] without any opportunity for Defendant to challenge the reliability or credibility of this out-of-court declarant.

Finally — and somewhat inconsistently with his claim that Mr. Judeh will not be a reliable witness — Defendant suggests that he will be unfairly prejudiced if Mr. Judeh's testimony should prove favorable or helpful to the prosecution. Yet, as an initial matter, it bears emphasis that the Government evidently harbors some doubt whether Mr. Judeh's testimony will prove helpful to its case, as it has elected not to call him as a witness. More generally, Defendant's argument merely illustrates once again the point made earlier — namely, that it is not yet known what effect (if any) Mr. Judeh's testimony will have on the trial, and which side (if either) this testimony will "favor." What the Court *does* know is that, according to the evidence to date, Mr. Judeh had far more extensive and direct interactions with Defendant than did either of the two co-defendant witnesses called by the Government. It stands to reason that Mr. Judeh likely has greater personal knowledge of the events and actions at issue in this case than do either of these Government witnesses. As explained in the February 10 order, this is precisely why the

---

[3]As noted in the February 10 order, the Court has not yet decided whether these statements meet the standards for admissibility under Rule 801(d)(2)(E).

Court has elected to call Mr. Judeh as a witness.

Clearly, the Court does not yet know what Mr. Judeh's testimony will show, nor the weight that this testimony should be given. If Defendant means to contend that a court may call a witness in a criminal case only if his or her testimony does not favor or assist the prosecution, he certainly has not cited any authority for this proposition, nor is the Court aware of any. *Cf. United States v. Slone,* 833 F.2d 595, 600 (6th Cir. 1987) ("The fact that testimony elicited by the trial judge may have damaged [the defendant's] case, does not automatically cast the court in the improper role of surrogate prosecutor."); *Albers,* 93 F.3d at 1486 (observing that a federal trial court "should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other" (internal quotation marks and citations omitted)). Neither has Defendant suggested how such a rule could be implemented — in this case, at least, the Court has no idea, and no way of knowing in advance, how Mr. Judeh's testimony will play out at trial. Accordingly, the Court rejects Defendant's contention that the Court will have impermissibly assumed the role of advocate if it turns out, after the fact, that Mr. Judeh's testimony proves helpful in any way to the Government's case.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's March 3, 2010 objections to the calling of witness Shahin Judeh by the Court (docket #178) are OVERRULED.

>                s/Gerald E. Rosen
>                Chief Judge, United States District Court

Dated: March 16, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2010, by electronic and/or ordinary mail.

>                s/Ruth A. Gunther
>                Case Manager