UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO FLORES,

                    Petitioner,

vs.

UNITED STATES OF AMERICA

                    Respondent.

_____ /

Civ. No. 13-14135
Crim. No. 03-80359

District Judge Gerald E. Rosen
Magistrate Judge R. Steven Whalen

**ORDER**

Alberto Flores, the Petitioner in a Motion to Vacate Sentence under  28 U.S.C. §2255, has moved for leave to proceed *in forma pauperis* ("IFP")[Doc. #221]. The motion has been referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A). In his motion, Petitioner requests an order "providing a copy of the transcripts of the court proceedings free of charge."

In support of his motion, Petitioner relies on 28 U.S.C. § 753(f), which provides that "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal*." (Emphasis added). Thus, there are two benefits that attach to IFP status: (1) waiver of prepayment of the filing fee, and (2) a free

transcript under certain conditions.

There is no district court filing fee for a § 2255 motion. I note that in conjunction with his petition for writ of mandamus filed in the Sixth Circuit, that Court held his motion to proceed *in forma pauperis* in abeyance [Doc. #230]. As to any request for IFP status regarding the substantive appeal of his § 2255 motion, I have filed a Report and Recommendation that the motion be denied, but there has not yet been a final decision or a certificate of appealability. Thus, any request for IFP status for appeal is premature.

Finally, Petitioner is not entitled to free transcripts under 28 U.S.C. § 753(f), because, for the reasons discussed in the Report and Recommendation [Doc. #231], his motion is based on an erroneous view of the law of double jeopardy, and neither the transcript of his trial in this case nor the transcripts of his separate case in the Eastern District of Kentucky are necessary to decide the issues in his motion.[1]

Accordingly, Petitioner's motion [Doc. #221] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: October 22, 2015

---

[1] Petitioner's counsel at trial and on appeal, who was appointed under the Criminal Justice Act, received a copy of the trial and sentencing transcripts in this case.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 22, 2015, electronically and/or by U.S. mail.

s/C. Ciesla
Case Manager