UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO FLORES,

          Petitioner,

Civ. No. 13-14135
Crim. No. 03-80359

vs.

District Judge Gerald E. Rosen
Magistrate Judge R. Steven Whalen

UNITED STATES OF AMERICA

          Respondent.
_____/

**ORDER DENYING MOTION FOR EVIDENTIARY HEARING**

Before the Court is Petitioner Alberto Flores' motion for evidentiary hearing [Doc. #238], which he has filed in conjunction with his Motion to Vacate Sentence under 28 U.S.C. §2255. For the following reasons, the motion will be DENIED.

Petitioner seeks to have an evidentiary hearing regarding his allegation that the trial judge had an ex parte conference with United States Attorney Barbara McQuade. Petitioner filed two previous motions for discovery [Doc. #212 and #234], both of which were denied [Doc. #236]. He filed the second of those motions on October 13, 2015, after I filed my Report and Recommendation. In neither motion did Plaintiff seek an evidentiary hearing on the issue of ex parte communications between the judge and the United States Attorney. The underlying § 2255 motion [Doc. #207] was referred to me for a Report and Recommendation, which I filed on August 21, 2015 [Doc. #231]. The Petitioner filed objections on October 21, 2015 [Doc. #237].

-1-

His current motion for discovery, in the form of an evidentiary hearing, appears to be in response to my Report and Recommendation. However, as I discussed in my Report, Petitioner's claim is highly speculative. Petitioner claims that during a break in the trial proceedings, and following the testimony of Shahin Judeh, he saw United States Attorney Barbara McQuade and two other individuals enter Judge Rosen's chambers. He alleges that he heard Judge Rosen say that he had just heard Judeh's testimony, and at one point heard Judge Rosen say, "No," but he did not hear any other conversation.[1] Petitioner does not allege that the trial prosecutor was involved in this exchange, or that he had any ex parte communications with the judge. The exchange, as Petitioner describes it, was brief and innocuous. As I stated in my Report:

> "Any claim of prejudice flowing from the judge's conversation with attorneys who were not involved in Petitioner's case is purely speculative. *See Sturm v. Superintendent of Indian River Juvenile Correctional Facility,* 514 F.App'x 618, 626–627 (6th Cir. 2013) (holding that argument amounting only to "speculation, not a 'reasonable probability' of a different outcome' was insufficient to show prejudice) (citing *Harrington v. Richter,* 562 U.S. 86 (2011) ('The likelihood of a different result must be substantial, not just conceivable.'))."

Petitioner's speculation that the judge and the U.S. Attorney (who was not directly involved in the trial) had a substantive conversation about his case that resulted in

---

[1] Petitioner is correct that I did make one error in my Report and Recommendation. I stated that Barbara McQuade was not the United States Attorney at the time of Petitioner's trial. She was. However, her status as United States Attorney does not change my recommendation. Indeed, it would not be unusual for the District's chief law enforcement officer to have a meeting with the District's Chief Judge about matters having nothing to do with Petitioner's trial.

prejudice does not entitle him to an evidentiary hearing. " [B]ald assertions and conclusory allegations do not provide sufficient ground[s] ... to require an evidentiary hearing." *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir.2001). *See also Black v. United States*, 2014 WL 2894285, *4 (E.D. Mich. 2014)(Rosen, C.J.).

    Petitioner's motion for evidentiary hearing [Doc. #238] is DENIED.

    IT IS SO ORDERED.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Date: February 2, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 2, 2016, electronically and/or by U.S. mail.

s/C. Ciesla  
Case Manager