UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO FLORES,

                     Petitioner,

v.

UNITED STATES OF AMERICA,

                     Respondent.

_____/

Civil No. 13-14135
Criminal No. 03-80359

Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          May 9, 2016        

PRESENT:    Honorable Gerald E. Rosen
                  United States District Judge

On August 21, 2015, Magistrate Judge R. Steven Whalen issued a Report

and Recommendation ("R & R") recommending that the Court deny Petitioner

Alberto Flores's motion under 28 U.S.C. § 2255 to vacate or set aside his

sentence.  Petitioner filed objections to the R & R on October 21, 2015.  Having

reviewed the R & R, Petitioner's objections, and the parties' submissions in

support of and in opposition to Petitioner's underlying § 2255 motion, as well as

the remainder of the record, the Court overrules Petitioner's objections and adopts

the Magistrate Judge's R & R in its entirety as the opinion of this Court.

Petitioner has lodged two objections to the R & R. First, he challenges the Magistrate Judge's analysis and recommended disposition of his claim of ineffective assistance of counsel arising from an alleged *ex parte* communication between the Court and the United States Attorney for this District during Petitioner's trial. As observed by the Magistrate Judge, (*see* R & R at 9), Petitioner alleges in support of this claim that as he stood in the hallway outside the courtroom during a break in his trial, he witnessed an individual who met the "physical description" of the United States Attorney enter this Court's chambers. (*See* Petitioner's § 2255 Motion, Mem. in Support at 22.)[1] Petitioner further alleges (i) that he overheard the undersigned District Judge tell the United States Attorney — behind the closed doors of the Court's chambers, and as Petitioner stood outside in the hallway — that he "had just heard the testimony of" one of the trial witnesses, Shahin Judeh, (ii) that he "could not make out the exact words

---

[1]Notably, Petitioner's belief that this individual was the United States Attorney rests solely on a subsequent conversation with his counsel, who allegedly confirmed the identity of this individual based on Petitioner's "physical description, including the description of her attire." (*Id.*) Petitioner does not explain how his counsel would have known what the United States Attorney was wearing on the date of her alleged visit to this Court's chambers, particularly in light of Petitioner's concession that he and his counsel agreed during their purported discussion of this alleged incident that the United States Attorney "had never made a physical appearance" in the courtroom during Petitioner's trial. (*Id.*)

spoken in response" by the United States Attorney, as she "muttered in lower and hushed tones," and (iii) that he then heard the undersigned Judge "saying 'no' in a loud and angry manner." (*Id.* at 22-23.)  According to Petitioner, he relayed this incident to his counsel, who failed to "investigate these claims of prosecutorial misconduct and collusion and possible judicial misconduct." (*Id.*)

In his objections to the R & R, Petitioner points to the Sixth Circuit's recognition that "in all but the most exceptional circumstances, ex parte communications with the court are an extraordinarily bad idea," and he contends that the Government has failed to meet its "burden of demonstrating that [Petitioner] was not prejudiced by an ex parte communication" between the United States Attorney and this Court. *United States v. Carmichael,* 232 F.3d 510, 517-18 (6th Cir. 2000).  Yet, the factual predicate for the application of this rule is, of course, that an *ex parte* communication must have **actually occurred.** As the Magistrate Judge observes, the United States Attorney was not directly involved in the prosecution of Petitioner's case. (*See* R & R at 9.)[2]  More importantly,

_____

[2]As recognized by the Magistrate Judge in a subsequent order, the R & R inaccurately states that Barbara McQuade was not yet the United States Attorney for this District at the time of Petitioner's trial. (*See* 2/2/2016 Order at 2 n.1.)  Nonetheless, this minor factual error in no way diminishes the force of the statement in the R & R that Ms. McQuade had no direct involvement or role in Petitioner's trial, but merely had supervisory authority over the Assistant United States Attorney who prosecuted this trial. In addition, the Magistrate Judge correctly observed in the February 2, 2016 order that the

Petitioner's account, even if fully credited, fails to indicate that the Court and the

United States Attorney actually discussed this case in the conversation allegedly

overheard by Petitioner. Rather, the Magistrate Judge aptly characterizes

Petitioner's claim of prejudice arising from this alleged conversation as "purely

speculative," (R & R at 9-10), and hence insufficient as a matter of law to sustain

Petitioner's claim that his counsel provided ineffective assistance by failing to

investigate his allegations of improper *ex parte* communication.

In apparent recognition that he has no evidence to support this claim,

Petitioner has requested — in a motion filed the same day as the present objections

to the Magistrate Judge's R & R — that his allegations of *ex parte* communication

between the United States Attorney and this Court be explored at an evidentiary

hearing. The Magistrate Judge denied this request in a recent February 2, 2016

order, observing that despite Petitioner's prior motions for discovery relating to

his pending § 2255 petition, he first sought an evidentiary hearing on his claim of

*ex parte* communication only **after** the Magistrate Judge recommended in the

August 21, 2015 R & R that this claim be rejected as wholly speculative. (*See*

---

undersigned Judge served as the Chief Judge of this District at the time of Petitioner's
trial, and that it "would not be unusual for the District's chief law enforcement officer to
have a meeting with the District's Chief Judge about matters having nothing to do with
Petitioner's trial," (*id.*) — or, for that matter, any other pending case.

2/2/2016 Order at 1-2.)  Next, and more importantly, the Magistrate Judge

explained that Petitioner's bare "speculation" that the Court and the United States

Attorney engaged in a "substantive conversation about his case that resulted in

prejudice" was insufficient to warrant an evidentiary hearing.  (*Id.* at 2-3.)  In so

ruling, the Magistrate Judge cited a recent decision of this Court holding that "the

pertinent case law demands a threshold showing beyond mere speculation or

conclusory, unsupported allegations in order to warrant an evidentiary hearing."

*Black v. United States,* No. 09-20093, 2014 WL 2894285, at *4 (E.D. Mich. June

26, 2014).  Accordingly, the Court fully concurs in the Magistrate Judge's denial

of Petitioner's motion for an evidentiary hearing, as well as the Magistrate Judge's

determination in the R & R that Petitioner's claim of ineffective assistance of

counsel arising from an alleged *ex parte* communication between the United States

Attorney and this Court should be rejected as lacking in merit.

As his second and final objection to the R &R, Petitioner takes issue with

the Magistrate Judge's handling of his claim that his counsel provided ineffective

assistance at his sentencing by purportedly failing to raise the issue of Petitioner's

role in the conspiracy offense of which he was convicted.  The Magistrate Judge

found that this claim rested on the false premise that Petitioner's sentencing

guideline range was "enhanced based on his leadership role in the offense," when

in fact it was not, (R & R at 10), but Petitioner insists in his present objections that the Magistrate Judge "failed to grasp the essence" of the claim he meant to assert in his underlying § 2255 motion, (Petitioner's 10/21/2015 Objections at 2). Instead, Petitioner maintains that his claim rested on the purported failure of his counsel to seek a ***downward*** adjustment at sentencing for his allegedly minor role in the charged conspiracy.

Simply stated, nothing in Petitioner's underlying § 2255 motion or accompanying memorandum provides any support whatsoever for his present attempt to recast this claim as concerning a downward rather than upward adjustment in his sentencing guideline range.  In particular, Petitioner's § 2255 submissions make no mention whatsoever of Petitioner's purportedly "minor role" in the charged conspiracy offense, nor did he refer in any way to the Sentencing Guidelines provision, § 3B1.2, under which a downward adjustment may be made for a defendant's minor role in the offense of conviction.  To the contrary, Petitioner argued that "the District Court's ***finding of [a] leadership role*** violated the Due Process Clause of the Fifth Amendment[] and the notice and jury trial guarantees of the Sixth Amendment," as it resulted in an increased sentence based on facts not submitted to a jury and proven beyond a reasonable doubt. (Petitioner's § 2255 Motion, Mem. in Support at 24 (emphasis added).)

Accordingly, the Court rejects Petitioner's attempt to assert a claim for the first time in his objections to the Magistrate Judge's R & R.  *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In any event, this proposed claim, like the one actually asserted in Petitioner's § 2255 motion, rests on a false factual premise.  In particular, Petitioner's counsel filed a sentencing memorandum that expressly advocated a downward adjustment in Petitioner's sentencing guideline range in light of his allegedly minor role in the charged conspiracy.  (*See* Dkt. 189, 12/30/2010 Sentencing Mem. at 5.)  Moreover, counsel again requested this downward adjustment at sentencing, but the Court found that no such decrease was warranted.  (*See* 2/9/2011 Sentencing Hearing Tr. at 7, 21.)  Accordingly, regardless of the claim Petitioner meant to assert in his § 2255 motion, the Court finds it lacking in merit.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's August 21, 2015 Report and Recommendation (docket #231) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order.  IT IS FURTHER ORDERED that Petitioner's October 21, 2015 objections to the Magistrate Judge's R & R (docket #237) are OVERRULED.  IT

IS FURTHER ORDERED, for the reasons stated in the Magistrate Judge's R & R

and the additional reasons set forth above, that Petitioner's September 26, 2013

motion under 28 U.S.C. § 2255 to vacate or set aside his sentence (docket #207) is

DENIED.

Finally, in light of the clear and well-settled grounds upon which the Court

has dismissed each of the claims asserted in Petitioner's § 2255 motion, IT IS

FURTHER ORDERED that a certificate of appealability is DENIED as to any

appeal that Petitioner might pursue from the Court's rulings in this § 2255

proceeding.

SO ORDERED.

s/Gerald E. Rosen
United States District Judge

Dated:  May 9, 2016

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on May 9, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135