UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **(10) ALBERTO FLORES**, <br><br> Defendant. | 2:03-cr-80359 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO VACATE OR MODIFY SENTENCE** |

Petitioner Alberto Flores was convicted of one count of conspiracy to distribute with intent to import, and to import pseudoephedrine with reasonable cause to believe the chemical would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 959(a)(1), 960(d)(3) and 963. In 2011, Chief Judge Gerald E. Rosen sentenced Petitioner to a term of 186 months of imprisonment, significantly below the then-applicable United States Sentencing Guidelines range of 262 to 327 months.[1] Petitioner now moves the court to vacate or modify his sentence under 18 U.S.C. § 3582(c)(2) on the basis that his offense level was calculated according to a provision of the Sentencing Guidelines that has since been amended and made retroactive by the United States Sentencing

---

[1] This case was reassigned to the undersigned on September 18, 2018.

Commission. But because the revisions to the Guidelines do not actually lower Petitioner's sentencing range, he is not entitled to resentencing under 18 U.S.C. § 3582(c)(2).

## BACKGROUND

After a bench trial, Petitioner Alberto Flores was convicted of one count of conspiracy to distribute with intent to import, and to import pseudoephedrine with reasonable cause to believe the chemical would be used to manufacture a controlled substance. 21 U.S.C. §§ 959(a)(1), 960(d)(3), 963. The amount of pseudoephedrine at issue was five million pills, which, according to the government, equals 300 kilograms or more of pseudoephedrine. ECF No. 186 PageID.964 (Court's Findings of Facts and Conclusions of Law); ECF No. 199 PageID.1155–57 (Sentencing Tr.); ECF No. 257 PageID.1522 (Gov't Br.). Because the crime involved more than three kilograms of pseudoephedrine, at the time of sentencing Petitioner's base offense level was calculated at 38, the highest-possible base offense level for crimes involving pseudoephedrine. ECF No. 257 PageID.1522–34. Petitioner's criminal history category was designated as II. ECF No. 252 PageID.1490.

Petitioner's Guidelines range, as calculated by the United States Probation Department and acknowledged by defense counsel and the Court at the time of sentencing, was 262 to 327 months. ECF No. 189 PageID.996 (Flores Sentencing Mem.); ECF No. 199 PageID.1152, 1155 (Sent. Tr.). But 21 U.S.C. § 960(b)(3) provided for a maximum sentence

2

of no more than 20 years, or 240 months. *See id.* Accordingly, Petitioner's maximum sentence was capped at 240 months. Finding that "Mr. Flores was not a leader, not an organizer, not a planner in this particular case," and after considering all the sentencing factors contained in 18 U.S.C. § 3553(a), Judge Rosen imposed a below-Guidelines sentence of 186 months. ECF No. 199 (Sent. Tr.) at PageID.1152 and generally; ECF No. 192 PageID.1014 (Judgment).

## DISCUSSION

A defendant is eligible for resentencing under 18 U.S.C. § 3582(c)(2) if he was: (1) "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Braden*, 643 F. App'x 531, 532 (6th Cir. 2016) (citing *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013)). In most instances, if a sentencing range is lowered, it is because the Sentencing Commission has amended the Guidelines. *Id.* at 532 n.1. To meet the requirements for resentencing established by 18 U.S.C. § 382(c)(2), the Sixth Circuit has explained that "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (quoting *United States v. Hameed*, 614 F.3d 259, 269 (6th Cir. 2010)). That applicable range is "the range that applies before the sentencing court grants any discretionary departures." *United States v.*

3

*Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010)).

Amendment 782, submitted to Congress by the Sentencing Commission and made effective as of November 1, 2014, reduced the base offense level for many drug trafficking offenses. *Braden*, 643 F. App'x at 533 n.2. Specifically, the amendment changed the Drug Quantity Table at § 2D1.1 of the Guidelines to reduce the base offense level for most drug trafficking crimes by two levels. *United States v. Burton*, No. 06-20465, 2018 WL 1930100, *1 (E.D. Mich. Apr. 24, 2018). Amendment 782 was made retroactive by the Sentencing Commission in November 2015. *Id.*

In Petitioner's case, a sentence reduction is not warranted because Amendment 782 did not in fact lower his Guidelines range. Petitioner argues that, under the revised Sentencing Guidelines, his new base offense level should be calculated as 33, rather than 38. ECF No. 252 PageID.1490 (Pet.'s Br.). Accordingly, he asserts that his Guidelines range would now be 151 to 188 months, as opposed to 188 to 235 months, which he describes as the previously calculated Guidelines range. *Id.*

As an initial matter, Petitioner is incorrect in stating that his Guidelines range was initially calculated to be 188 to 235 months. As defense counsel acknowledged at the time of sentencing, Petitioner's Guidelines range was calculated as 262 to 327 months. *See* ECF No. 189 PageID.996 (Flores Sentencing Mem.); ECF No. 199 PageID.1152, 1155 (Sent. Tr.). More critically, although Petitioner is correct that his Guidelines range would be 151 to 188 months *if* his base offense level

4

were now 33 (rather than 38), his assertion that Amendment 782 lowered his base offense level from 38 to 33 is erroneous.

Because Petitioner's crime involved 300 or more kilograms of pseudoephedrine, changes to the Drug Quantity Table brought about by Amendment 782 do not alter Petitioner's base offense level. *See* ECF No. 257 PageID.1527 (explaining that the 300 kilogram figure is uncontested). According to the revised Drug Quantity Table, an offense that involves 9 or more kilograms of pseudoephedrine warrants a base offense level of 38, which is the highest possible base offense level for crimes of unlawfully distributing, importing, exporting, or possessing a listed chemical. *See* U.S. Sentencing Guidelines Manual § 2D1.11(d) (U.S. Sentencing Comm'n 2018). Under the Guidelines version in effect at the time of Petitioner's sentencing, the Drug Quantity Table contemplated a maximum amount of 3 kilograms of pseudoephedrine for his crime. *See* U.S. Sentencing Guidelines Manual § 2D1.11(d) (U.S. Sentencing Comm'n 2011). And for an offense involving 3 kilograms or more of pseudoephedrine, the 2011 Guidelines identified a base offense level of 38. *Id.* Because it is undisputed that Petitioner's crime of conviction involved more than 9 kilograms of pseudoephedrine, there is no difference between the base offense level calculated according to the 2011 Guidelines and that which applies under the present Guidelines as amended by Amendment 782. Under either set of Guidelines, Petitioner's base offense level is 38.

Further, Petitioner acknowledges that his Criminal History Category is II. ECF No. 252 PageID.1490 (Pet.'s Mot.); ECF No. 189 PageID.997. Accordingly, under the most recent Guidelines' Sentencing Table, his sentencing range, because he has a Criminal History Category of II and base offense level of 38, would be 262 to 327 months. *See* U.S. Sentencing Guidelines Manual Ch. 5 P5. A (U.S. Sentencing Comm'n 2018). Likewise, under the 2011 Guidelines, Petitioner's sentencing range was 262 to 327 months. *See* U.S. Sentencing Guidelines Manual Ch. 5 P5. A (U.S. Sentencing Comm'n 2011).

Because 18 U.S.C. § 3582(c)(2) serves as a basis for sentence reduction only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that *has subsequently been lowered* by the Sentencing Commission," Petitioner is not entitled to resentencing based on Amendment 782. In Petitioner's case, the Amendment did not operate to lower his applicable sentencing range and he is therefore not entitled to a reduction in his sentence under § 3582(c)(2). *See Snow*, 634 F. App'x at 573 (citing *United States v. Webb*, 760 F.3d 513, 518–19 (6th Cir. 2014); 18 U.S.C. § 3582(c)(2)).

Moreover, Petitioner's actual sentence of 186 months was substantially below both the current and then-applicable Guidelines range of 262 to 327 months. The Sixth Circuit, reading § 3582(c)(2) together with U.S.S.G. § 1B1.10(b)(2), which limits the extent of sentencing reduction under § 3582(c)(2), has held that courts generally

6

may not reduce a defendant's sentence to a term below the bottom of the amended Guidelines range on a § 3582(c)(2) motion. *United States v. Allen*, 614 F.3d 253, 257 (6th Cir. 2010).

## CONCLUSION

For these reasons, Petitioner's motion for a modification or vacatur of his sentence under 18 U.S.C. § 3582(c)(2) is **DENIED**.

**SO ORDERED.**

Dated: July 25, 2019         s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on July 25, 2019.

                             s/A. Chubb
                             Case Manager