UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALBERTO FLORES**, a.k.a. **RAMIRO ORDAZ MELGOZA**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | 2:03-CR-80359-TGB-RSW-10 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO MODIFY OR REDUCE SENTENCE (ECF NO. 263), MOTION TO APPOINT COUNSEL (ECF NO. 262), AND MOTION FOR DEFAULT JUDGMENT (ECF NO. 272)** |

Petitioner Alberto Flores (also known as Ramiro Ordaz Melgoza) was convicted of one count of conspiracy to distribute with intent to import and to import pseudoephedrine from Canada to the United States, in violation of 21 U.S.C. §§ 959(a)(1), 960(d)(3), and 963. In 2011, Chief Judge Gerald E. Rosen sentenced Petitioner to a term of 186 months of imprisonment, which was below the then-applicable United States Sentencing Guidelines range of 262 to 327 months. Petitioner now moves the Court to vacate or modify his sentence under 18 U.S.C. § 3582(c)(2) on the basis that his offense level was calculated according to a provision of the Sentencing Guidelines that has since been amended and made retroactive by the United States Sentencing Commission. Petitioner also contends he is eligible for compassionate release pursuant to 18 U.S.C. §

1

3582(c)(1)(A)(i) and under the "Holloway doctrine." Petitioner has also filed a motion for appointment of counsel and default judgment.

For the reasons set forth below, Petitioner's motions are **DENIED**.

## I. BACKGROUND

On October 8, 2003, an indictment was filed charging Petitioner with a single count of conspiracy to distribute with intent to import and to import pseudoephedrine from Canada into the United States (21 U.S.C. §§ 959(a)(1) and 960(d)(3)). ECF No. 29. Petitioner waived his right to a jury trial and a bench trial was conducted on January 26, January 27, and April 13, 2010. ECF No. 167. On September 2, 2010, Chief Judge Gerald E. Rosen issued Findings of Fact and Conclusions of Law which found Petitioner guilty of the conspiracy offense charged in Count One of the first superseding indictment. ECF No. 186, PageID.983.

At the time of sentencing, Petitioner's base offense level was calculated to be 38, the highest possible base offense level for crimes involving pseudoephedrine, because the crime involved more than three kilograms of pseudoephedrine. Petitioner's criminal history category was determined to be II. The final Pre-Sentence Report ("PSR") calculated Petitioner's guideline range to be 262 to 327 months, which both defense counsel and the Court acknowledged at sentencing. ECF No. 199, PageID.1155. However, because 21 U.S.C. § 960(b)(3) provided for a maximum sentence of 20 years, or 240 months, Petitioner's maximum sentence was capped at 240 months. During sentencing, Chief Judge

Rosen, finding that "Mr. Flores was not a leader, not an organizer, not a planner in this particular case," imposed a below-Guidelines sentence of 186 months in prison followed by 36 months of supervised release. ECF No. 199, PageID.1170.

After sentencing, Petitioner filed a number of post-conviction motions. In September of 2013, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate the sentence which was subsequently denied. ECF No. 207; ECF No. 247. Then in September of 2016, Petitioner filed a motion to vacate or modify his sentence under 18 U.S.C. § 3582 on the basis that his offense level was calculated according to a provision of the Sentencing Guidelines that had since been amended and made retroactive. ECF No. 252. This Court denied that motion on July 25, 2019. ECF No. 260.

Now before the Court is Petitioner's motion to modify or vacate his sentence under 18 U.S.C. § 3582 based on the passage of the First Step Act of 2018. In his motion, Petitioner contends he is eligible for a reduction in his sentence because his offense level was calculated according to a provision of the Sentencing Guidelines that has been amended and made retroactive. Petitioner also contends he is eligible for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and under the "Holloway doctrine."

## II.   LEGAL STANDARDS

"Although a district court generally 'may not modify a term of imprisonment once it has been imposed,' a court may do so under certain

3

limited circumstances, including 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (internal citation omitted). A defendant is eligible for resentencing under 18 U.S.C. § 3582(c)(2) if "'(1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission;' and '(2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Braden*, 643 F. App'x 531, 533 (6th Cir. 2016) (quoting *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013)). The Sixth Circuit has explained that "[t]o satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), 'a guidelines amendment must have the effect of lowering the defendant's applicable guideline range.'" *Id.* (quoting *Riley*, 726 F.3d at 758). The applicable guideline range is "the range that applies before the sentencing court grants any discretionary departures." *United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010).

### III. MOTION TO APPOINT COUNSEL AND FOR ENTRY OF DEFAULT JUDGMENT

Petitioner filed two additional motions during the briefing period:

(1) a motion for the appointment of counsel (ECF No. 262) and (2) a motion for entry of default judgment (ECF No. 272). Both motions will be denied.

First, the Court finds that appointment of counsel is not warranted. There is no general or statutory right to the appointment of counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). A collateral attack on an underlying criminal conviction is civil in nature. *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987). However, the Court has discretion to appoint counsel in "exceptional circumstances." *Lavado*, 992 F.2d at 606. Here, Petitioner's claims do not appear particularly complex as the motion involves factual and legal allegations that are comparatively narrow in scope. The Court also finds that Petitioner has—on several occasions—demonstrated his ability to identify and cogently advance his legal claims. Finally, as discussed below, Petitioner is not entitled to relief under the First Step Act or through any other claims outlined in his motion. The Court will therefore deny the motion to appoint counsel.

Next, the Court finds entry of default judgment is not warranted. Petitioner contends the government is in default because they failed to file for an extension of time prior to the due date of their responsive pleadings. ECF No. 272, PageID.1616. While the government did not respond by the deadline the Court originally ordered, the Court granted an extension of time to file a response prior to Petitioner's motion for

5

entry of default. ECF No. 271. Therefore, the motion for default judgment is moot.

## IV. ANALYSIS

Petitioner contends that he is eligible for sentence reduction pursuant to (1) the November 14, 2014 Amendment to Section 782; (2) Fair Sentencing Act of 2010; (3) Section 402 of the First Step Act; (4) Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i); and (5) 18 U.S.C. § 3582 based on the "Holloway doctrine." Each claim will be addressed in turn.

### a. November 14, 2014 Amendment to Section 782

Petitioner contends that he is eligible for a reduction of sentence pursuant to the November 14, 2014 amendment to Section 782 by the Sentencing Commission. ECF No. 263, PageID.1566. According to his motion, Amendment 782 reduced the base level offense for many drug trafficking offenses including Petitioner's offense of conspiracy to distribute with intent to import, and to import pseudoephedrine in violation of 21 U.S.C. §§ 959(a)(1), 960(d)(3), and 963. Petitioner notes that he was sentenced to 186 months which was 76 months below the then applicable guideline range of 262 to 327 months. Petitioner contends that after the amendment to Section 782, his new offense level would be 36 and his criminal history category would be at II, which would result in a sentence range of 210 to 260 years. Accordingly, Petitioner requests a 76-month reduction from this new guideline range, which would result

6

in a 134-month sentence.

To begin, Petitioner previously argued for sentence reduction pursuant to changes to the November 14, 2014 amendment to Section 782 by the Sentencing Commission, and the Court denied his claim. ECF No. 252. As explained in the Court's July 25, 2019 order, "a sentence reduction is not warranted because Amendment 782 *did not in fact lower his Guidelines range.*" ECF No. 260, PageID.1539 (emphasis added). At the time of Petitioner's sentencing, the Drug Quantity Table identified a base level of 38 for an offense involving 3 of more kilograms of pseudoephedrine. *See* U.S. Sentencing Guidelines Manual § 2D1.11(d) (U.S. Sentencing Comm'n 2011). The revised Drug Quantity Table states that an offense involving 9 or more kilograms of pseudoephedrine warrants a base level of 38. U.S.S.G. § 2D1.11(d) (U.S. Sentencing Comm'n 2018). Petitioner's crime involved 300 or more kilograms of pseudoephedrine. Accordingly, Petitioner's base offense level is 38 under both the 2011 Guidelines and the present Guidelines as amended by Amendment 782. Because there is no difference between the base offense level under either set of Guidelines, a sentence reduction is not warranted since the amendment did not in fact lower Petitioner's guideline range.

Therefore, Petitioner is not entitled to a reduced sentence based on Amendment 782.

### b. Fair Sentencing Act of 2010

Next, Petitioner contends he is eligible for a reduction of sentence pursuant to the Fair Sentencing Act of 2010 because the legislation increased the threshold quantity of cocaine required to trigger statutory minimum sentences. ECF No. 263, PageID.1570. While Petitioner concedes the Act only discusses cocaine offenses and he was not convicted of a cocaine offense, he nonetheless argues without any supporting authority that the "same concept should be applied to defendants-petitioners who have been convicted of other drug offenses as well." *Id.*

The Fair Sentencing Act of 2010 was "aimed to lessen the sentencing disparity between cocaine offenses and those involving crack cocaine." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020). In particular, the Act increased the threshold quantities of crack cocaine needed to trigger the mandatory statutory penalties in the Anti-Drug Abuse Act of 1986. While the Fair Sentencing Act was not retroactive, "[i]n 2018, Congress passed the First Step Act, which included making retroactive the Fair Sentencing Act's statutory changes for crack cocaine sentences." *Id.* In particular, "Section 404 of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive for defendants who were sentenced before August 3, 2010." *Id.*

Petitioner is not eligible for a reduction of sentence under the First Step Act because the Act only modifies penalties for certain cocaine convictions and Petitioner's conviction does not involve cocaine. To be eligible for a sentence reduction pursuant to the First Step Act, the

8

petitioner's prior conviction must be a "covered offense." *Boulding*, 960 F.3d at 777. Under Section 404, a "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010." Public Law 115-391, 132 Stat. 5194, Section 404. Here, Petitioner not only concedes that he was not convicted of any crack cocaine offenses, but that the Fair Sentencing Act does not cover his conviction. ECF No. 263, PageID.1570 ("Although the fair sentencing act increased only the threshold quantity of cocaine base that triggers a statutory mandatory minimum[,] that same concept *should* be applied to defendant-petitioners who have been convicted of other drug offenses as well.") (emphasis added). Despite Petitioner's argument, the Court is only able to modify sentences as expressly permitted by the First Step Act. *See United States v. Smith*, Case No. 04-80857, 2020 WL 3790370, at *6 (E.D. Mich. July 7, 2020) ("In other words, to determine whether a conviction was for a 'covered offense,' the Court applies a 'simple, categorical' approach, namely 'whether a defendant's conviction was a crack cocaine offense affected by the Fair Sentencing Act.'") (quoting *United States v. Boulding*, 379 F.Supp.3d 646, 651 (W.D. Mich. 2019), aff'd in relevant part, 960 F.3d 774 (6th Cir. June 1, 2020)).

Therefore, because pseudoephedrine offenses are not "covered offenses" within the meaning of the First Step Act, the Court is powerless to reduce Petitioner's sentence pursuant to Section 404.

### c. First Step Act of 2018

Petitioner also contends that he is eligible for a reduction of sentence under the First Step Act because Section 402 of the Act "broadens the existing safety valve." ECF No. 263, PageID.1574. "Safety valve" refers to a provision of 18 U.S.C. § 3553(f) which allows courts to sentence below the statutorily required minimum in a limited set of circumstances. The First Step Act expanded the circumstances where the "safety valve" applies. Under this "expansion," Petitioner argues he is eligible and deserving of a two-level offense reduction.

Section 402 of the First Step Act is unable to provide Petitioner any relief because it does not apply retroactively. Pub. L. 115-391, 132 Stat. 5194, §402. The First Step Act clearly states that the applicability of the amendments in Section 402 "shall apply only to a conviction entered on or after the date of enactment of this Act." *Id.* at §402(b). Petitioner was sentenced on February 9, 2011, which is well before the enactment of the First Step Act on December 21, 2018. *See United States v. Hoskins*, Case No. 10-20677, 2020 WL 1640167, at *1 (E.D. Mich. Apr. 2, 2020) (Finding that the petitioner could not seek relief under provisions 401, 402, and 403 of the First Step Act because he was sentenced in 2012). Accordingly, Petitioner is ineligible based on the terms of Section 402 because he was convicted before the effective date of the provision.

Even if the safety valve provision of the First Step Act were applicable, Petitioner would not be entitled to safety valve relief. The

10

expansion of the "safety valve" does not help Petitioner because prior to the conviction at issue he was serving a 78-month sentence for conspiracy to traffic pseudoephedrine, which qualifies as a 3-point prior offense. ECF No. 273-2, PageID.1653; U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month."). The three criminal history points make Petitioner ineligible for safety valve relief. *See* 18 U.S.C. § 3553(f)(1) (A defendant is ineligible for safety valve relief if he has "a prior three-point offense.").

In sum, Petitioner is not eligible for sentence reduction pursuant to the First Step Act's expansion of the "safety valve" because he was convicted before the effective date of the provision and because of his prior offense.

### d. Compassionate Relief

Next, Petitioner asserts he is eligible for compassionate release pursuant to Section 603 of the First Step Act. ECF No. 263, PageID.1577. Petitioner contends that the First Step Act allows individuals to move for a reduction of their sentence under 18 U.S.C. § 3582(c)(1)(A) if thirty days has elapsed without a response by the warden or the petitioner has exhausted Bureau of Prisons administrative appeals process. Here, Petitioner asserts he is eligible for compassionate release because he has already served over 75 percent of his time, his physical health is deteriorating due to age, he has been committed to rehabilitation efforts and maintains an exemplary status, and he does not present a danger to

the community.

The First Step Act amended 18 U.S.C. § 3582(c) to allow incarcerated persons to move for compassionate release on their own behalf. *United States v. Alam*, 960 F.3d 831, 834-835 (6th Cir. 2020). Under 18 U.S.C. § 3582(c), an individual may seek compassionate release by filing a motion with the courts after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). After considering the factors set forth in §3353(a), a court may reduce a sentence if it finds "extraordinary and compelling reasons warrant such reduction" or if the "the defendant is at least 70 years of age, has served at least 30 years in prison, and . . . the defendant is not a danger to the safety of any other person or the community." *Id*. Importantly, "the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020).

The government does not contest Petitioner's exhaustion of administrative remedies, but asserts compassionate release is "nonetheless improper." ECF No. 273, PageID.1638. The government argues that Petitioner's motion for compassionate release should be evaluated through a three-step process outlined in 18 U.S.C. § 3582(c)(1). First, a court should consider whether "extraordinary and compelling

12

reasons warrant such a reduction." *Id.* at § 3582(c)(1)(A)(i). Next, the Court must determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(ii). Finally, "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* at § 3582(c)(1)(A).

However, the Sixth Circuit recently determined in *United States v. Jones,* a case filed after the government submitted their brief, that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." 980 F.3d 1098, 1110-11 (6th Cir. 2020). *See also United States v. White,* __F.Supp.3d__ (E.D. Mich. Dec. 9, 2020) ("That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP."). The *Jones* court concluded that "a district court must make the two requisite 'find[ings]' before weighing the applicable §3553(a) factors." 980 F.3d at 1106. Pursuant to *Jones*, this Court will not consider the second step—whether reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Petitioner contends he is eligible for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which requires a showing of "extraordinary and compelling" reasons to warrant reduction.

13

Petitioner's showing on this first element is so deficient that the Court need not evaluate the other steps. To establish extraordinary and compelling reasons, Petitioner asserts he is experiencing "deteriorating physical[]" and "mental health because of the aging process." ECF No. 263, PageID.1578. He explains that his "bones ache" and "[m]edication and exercise do very little to minimize [his] pain." *Id*. Petitioner also notes that his pain has been amplified by the separation from his family, some of whom are in Mexico. While health conditions often present extraordinary and compelling reasons, here Petitioner has provided no specific medical conditions for the Court to evaluate. There is no evidence of a terminal illness, Petitioner does not mention the novel coronavirus or pre-existing medical conditions that could render him vulnerable to complications from it, and the medical records submitted do not point to any long-term health problems. ECF No. 274. Without citing specific health challenges, the Court is unable to find that Petitioner has presented extraordinary and compelling reasons under 18 U.S.C.§ 3582(c)(1)(A)(i) to warrant reduction. Additionally, while Petitioner did not seek compassionate release under 18 U.S.C.§ 3582(c)(1)(A)(ii), the Court notes he does not satisfy the factors here either as he is not 70 years of age.

Because Petitioner has not demonstrated that "extraordinary and compelling" reasons warrant a reduction, compassionate release is not justified.

### e. Holloway Doctrine

Finally, Petitioner contends his sentence should be reduced pursuant to 18 U.S.C. § 3582 based on the Eastern District of New York's decision in *United States v. Holloway*, 68 F.Supp.3d 310, 314 (E.D.N.Y. 2014). According to Petitioner, the Holloway doctrine "recognizes that District Courts have discretion . . . to subsequently reduce a Defendant's sentence . . . 'even after appeals and collateral attacks have been exhausted and there is neither a claim of innocence nor any defect in the conviction or sentence.'" ECF No. 263, PageID.1582. Petitioner requests the Court reduce his sentence "in the interest of [f]airness as the original sentence is revealed to be disproportionately severe." *Id.* at 1583.

In *United States v. Holloway*, the defendant moved to reopen §2255 proceedings challenging his sentence of 57 years and 7 months for a series of carjackings. 68 F.Supp.3d at 314. The district court recognized that there were "good reasons" to revisit the "excessive sentence" and issued an order requesting that "the United States Attorney consider her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. §924(c) convictions." *Id.* The government agreed to an order vacating two of the defendant's carjacking counts and allowing resentencing of the remaining counts. *Id.* at 315.

Petitioner is not eligible for release pursuant to the decision in *Holloway*. In addition to the fact that *Holloway* is not binding on this Court, the case involved significantly different circumstances than the

15

present matter. Most importantly, in *Holloway* the government agreed to an order vacating the conviction. In this case, not only has the government not agreed to vacate any part of Petitioner's conviction, they are actively opposing Petitioner's motion. *See Holloway*, 68 F.Supp.3d at 316 ("the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly.").

The Court finds no basis to reduce Petitioner's sentence pursuant to the Holloway doctrine.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's motion to modify or reduce sentence (ECF No. 263). The Court further **DENIES** Petitioner's motion for the appointment of counsel (ECF No. 262), and **DENIES AS MOOT** Petitioner's motion for entry of default judgment (ECF No. 272).

The Court further **DENIES** a certificate of appealability, and **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

Dated: January 13, 2021         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

16