UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:03-CR-80359-TGB-RSW |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ALBERTO FLORES, a.k.a. RAMIRO ORDAZ MELGOZA | (COMPASSIONATE RELEASE) |

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐      There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)
See attached addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                              s/Terrence G. Berg
                                              UNITED STATES DISTRICT JUDGE

Dated: May 25, 2022

In 2010, Alberto Flores was convicted at a bench trial of participating in a drug trafficking conspiracy involving pseudoephedrine. Prior Order Denying Release, ECF No. 276, PageID.1685. Though Mr. Flores' guideline range was 262 to 327 months, the statutory maximum penalty for his conviction was 240 months, and at sentencing then-Chief Judge Rosen imposed a below-guidelines 186-month sentence, to be followed by 36 months of supervised release. Judgment, ECF No. 192, PageID.1013-15.

This is the second motion for compassionate release filed in the last two years by Mr. Flores. The Court denied Mr. Flores' prior motion, *see generally*, ECF No. 276, explaining that Flores had not cited specific health conditions for the Court to evaluate, nor otherwise supported his argument that extraordinary and compelling circumstances warranted early release.

With respect to Mr. Flores' present motion, the Government notes that Mr. Flores has arguably not exhausted his administrative remedies, because his current motion for compassionate release rests upon a broader basis than Flores originally identified in his request submitted to the warden. ECF No. 283, PageID.1739. However, "for the sake of efficiency," the Government waives this possible exhaustion argument. *Id*. The Court must therefore consider whether extraordinary and compelling reasons warrant a reduction in Mr. Flores' sentence. If they do, the Court must consider whether Mr. Flores would pose a danger to the community if released, and whether a sentence reduction would be consistent with the factors set out in 18 U.S.C. § 3553(a).

Having considered the record before it, the Court concludes that Flores has not shown extraordinary and compelling reasons justifying his release. Flores, who is in his late forties, again does not point to any specific health conditions that place him at a higher risk of contracting a serious COVID-19 infection. Additionally, Flores had, at the time this motion was filed, declined the COVID-19 vaccine when it was offered. *See* ECF No. 283, PageID.1752. Such refusal precludes compassionate release based on COVID-19 concerns. *See United States v. Brownlee*, No. 15-20319, 2021 WL 1960974 at *2 (E.D. Mich. May 17, 2021), aff'd, No.

21-2591, 2022 WL 35404 (6th Cir. Jan. 4, 2022)(concluding that defendant's vaccine refusal precluded compassionate release and collecting cases). Even if Flores has subsequently changed his mind and been vaccinated against COVID-19, release is still not warranted, because, as the Sixth Circuit has explained, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)

Flores also argues that, to be eligible for a COVID-19-related sentence reduction, he does not have to suffer from an illness or other medical condition that puts him at high risk, because "'[T]he reduction in the prison population in and of itself' is important to combatting the virus." Mot., ECF No. 278, PageID.1715 (changed to sentence case). Mr. Flores cites no authority for this position, and the Court cannot agree that reducing the prison population to reduce the spread of COVID-19 is, in and of itself, an extraordinary and compelling reason to release Mr. Flores—particularly in light of the availability of vaccination against COVID-19.

Because Mr. Flores has not identified extraordinary and compelling reasons justifying his release, the Court need not proceed any further in analyzing Mr. Flores' request for release. Having considered all of the relevant factors, early release is not appropriate.