UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

ALBERTO FLORES, a.k.a. RAMIRO ORDAZ MELGOZA

Case No.  2:03-CR-80359

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

    a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See attached addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

   IT IS SO ORDERED.

:

                                         s/Terrence G. Berg
                                         UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2023

In 2010, Alberto Flores was convicted at a bench trial of participating in a drug trafficking conspiracy involving pseudoephedrine. Order Denying Mot. to Reduce Sentence, ECF No. 276, PageID.1685. Though Mr. Flores' guideline range was 262 to 327 months, the statutory maximum penalty for his conviction was 240 months. *Id.* At sentencing then-Chief Judge Rosen imposed a below-guidelines 186-month sentence, to be followed by 36 months of supervised release. *Id.* at PageID.1686.

This is the third motion for compassionate release filed in the last two years by Mr. Flores. The Court denied Mr. Flores' first motion, *see generally*, ECF No. 276, explaining that Flores had not cited specific health conditions for the Court to evaluate, nor otherwise supported his argument that extraordinary and compelling circumstances warranted early release. The Court denied Mr. Flores' second motion for similar reasons. *See* ECF No. 287.

Mr. Flores' third motion raises a new argument for release; he says that he was subjected to contaminated drinking water at FCI Fort Dix. *See* Third Mot. for Comp. Rel., ECF No. 289, PageID.1939-40. Flores argues that the nearby McGuire Air Force Base uses certain firefighting chemicals that are hazardous to human health. He says that these chemicals have leeched into the groundwater, contaminating the drinking water at FCI Fort Dix. He also attaches the complaint in a suit by the New Jersey Department of Environmental Protection against the United States. *Id.* at PageID.1944-71. The complaint alleges that the United States military has used the chemicals in question at its facilities in New Jersey, including Joint Base McGuire-Dix-Lakehurst, the site of FCI Fort Dix.

Though Mr. Flores argues that his medical records "reflect . . . adverse health conditions that can be directly link[ed] back to" the use of these chemicals, he does not include those records or identify those conditions. *Id.* at PageID.1940-41. As before, he does not point to any specific health concerns or conditions. So his motion for compassionate release must be denied.

Furthermore, as the government points out, his motion for immediate release is moot. According to the Bureau of Prisons' Inmate Locator Service, Flores is no longer in the custody of the Bureau of Prisons.[1] Flores requests no relief beyond his immediate release, so "no actual injury remains that the Court could redress with a favorable decision[.]" *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009). Accordingly, Mr. Flores' motion is denied.

---

[1] The Court may take judicial notice of information on the Inmate Locator Service. *Demis*, 558 F.3d at 513 n.2.